IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Crim. No. 2:10-CR-10-1-F
Civ. No. 2:12-CV-17-F

| | | |
|---|---|---|
| PRINTICE KINDELL THOMAS,<br>Petitioner, | )<br>)<br>) | |
| v. | )<br>) | ORDER |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) | |

Upon his conviction of possession of a firearm by a felon, Printice Kindell Thomas was sentenced on April 11, 2011, as an armed career criminal, pursuant to 18 U.S.C. §§ 922(g) and 924(e), to a term of 135 months imprisonment to be followed by a five-year term of supervised release. *See* Judgment [DE-39]. Pursuant to the terms of his plea agreement [DE-26], he did not file an appeal. Thomas's projected release date is December 26, 2019.

The Fourth Circuit Court of Appeals on August 17, 2011, announced its *en banc* decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), acknowledging a decades-long mis-application of the North Carolina Structured Sentencing Act[1] to determining whether a prior North Carolina conviction constituted a "felony" for purposes of federal criminal law. The decision affects not only many persons convicted of possession of a firearm by a felon under § 922(g) by effectively eliminating the "felon" status element of that offense, but has far-reaching implications for individuals, like Thomas, who were sentenced as armed career criminals to terms of imprisonment in excess of the statutory maximum sentence for violation of § 922(g). In light of *Simmons*, Thomas lacks the nature and number of prior convictions to qualify for armed career offender status.

---

[1] The Structured Sentencing Act became effective in North Carolina on October 1, 1994.

Thomas, proceeding pro se, filed his timely § 2255 motion [DE-43, -45] on April 6 and 9, 2012, respectively. Initially, the Government moved on various grounds to dismiss Thomas's § 2255 motion, see [DE-48]. On June 12, 2012, the court appointed counsel to assist Thomas in researching his eligibility for relief. See Order [DE-52]. Thomas and his appointed counsel filed responses opposing the Government's motion, and the matter was submitted to the undersigned for consideration. See [DE-53 and -54].

On August 29, 2012, however, the Government filed a withdrawal [DE-55] of its motion to dismiss, agreeing that Thomas is entitled to be re-sentenced in light of *Simmons*' rationale and in the interests of justice. After *Simmons*, it is apparent that Thomas lacks the number and type of predicate convictions to support armed career criminal enhancement. The Government's withdrawal motion [DE-55] is incorporated herein by reference.

In light of the record in this case, the parties' memoranda, the Government's notice of withdrawal, and the best interest of justice and fairness, Thomas's § 2255 motion [DE-43, -45] is ALLOWED insofar as he seeks re-sentencing, and the Judgment entered herein on April 11, 2011 [DE-39] is VACATED. The Clerk of Court is DIRECTED to schedule and notice a hearing for re-sentencing during this court's **November 5, 2012**, term of court in Wilmington, North Carolina. The Government will ensure Thomas's timely writ, transportation and housing for the re-sentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare and publish to the appropriate parties a recalculation of Thomas's corrected advisory Guideline Range, applying *Simmons*' ruling and the provisions of the Fair Sentencing Act of 2010.

SO ORDERED.

This, the 29th day of August, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2